## GEORGE V. EASON ET AL.

1. Contract for Sale of Land: RESCISSION: EVIDENCE. Evidence offered to establish the abandonment or rescission of a contract for the sale of land considered, and *held* wholly insufficient for the purpose.

*Appeal from Van Buren Circuit Court.*

SATURDAY, OCTOBER 9.

ACTION to recover money due as rent. A landlord's attachment was sued out. Trial to the court. Judgment for the defendants, and plaintiff appeals.

*Wherry & Walker* and *C. L. George*, for appellant.

*Sloan, Work & Brown*, for appellees.

SEEVERS, J.—In April, 1883, the plaintiff sold and agreed to convey certain real estate to the defendant for the consideration of $6,500, for which the defendant gave the plaintiff her note, payable on or before seventeen years and seven months after date. The contract of sale was in writing, and therein the defendant agreed to make monthly payments in certain specified amounts, and also to pay insurance and taxes. The original petition was based on this contract, upon the theory that it was a lease, but afterwards an amended

petition was filed, and it was therein alleged that in October, 1884, the contract of sale was rescinded or abandoned, and that the parties then agreed upon a lease of the premises. The only material issue was whether there had been such rescission or abandonment, and whether an oral lease of the premises was entered into.

It is insisted that the finding of the court that there had been no abandonment of the contract of sale is clearly against the weight of the evidence. We are unable to concur in this proposition. On the contrary, we think the finding is undoubtedly correct. The only direct evidence tending to establish any abandonment of the contract is that of Mr. C. L. George, an agent of the plaintiff. In our opinion, his evidence fails to establish such a proposition. At most, there was a proposition, but clearly no acceptance. The original contract was not surrendered, and the action was originally brought on it. There is some evidence which, it is claimed, tends to corroborate that of Mr. George, but it utterly fails to show an abandonment of the contract. If the defendant had failed to introduce any evidence, we think the plaintiff could not have recovered. This being our view, it is unnecessary to consider the errors assigned in relation to the admission and exclusion of evidence, for the reason that, conceding that there were errors in these respects, it is perfectly apparent to us that they were in no respect prejudicial.

AFFIRMED.